UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ALEJANDRO BARBOZA<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 7:10-CV-00110 |
| | § | |
| TEAMSTERS LOCAL 657 and<br>FRANK PERKINS, INDIVIDUALLY and<br>HUGO FLORES, INDIVIDUALLY and<br>YRC, INC.<br>    Defendants. | §<br>§<br>§<br>§<br>§ | |

## **DEFENDANT TEAMSTERS LOCAL 657'S ORIGINAL ANSWER**

COMES NOW Teamsters Local 657 ("Defendant Local 657") named as a Defendant in the above entitled cause, in Original Answer to the Original Complaint filed herein, would show the Court as follows:

### **AFFIRMATIVE DEFENSES**

1. The Original Complaint fails to state a cause of action against Defendant Local 657.

2. The Original Complaint fails to state a claim upon which relief may be granted against Defendant Local 657.

3. All or part of Plaintiff's claims are barred by a final, binding arbitral committee decision rendered pursuant to the collective bargaining agreement upon which Plaintiff's claims depend, under the principles of arbitration and award, collateral estoppel, and/or waiver, pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185.

4. All or part of Plaintiff's claims are barred by the applicable statute of limitations, 29 U.S.C. Section 160(b).

Subject to the foregoing Affirmative Defenses, Defendant Local 657 admits and denies, responding to numbered paragraphs of the Original Complaint as follows:

## ADMISSIONS AND DENIALS

1. Defendant Teamsters Local 657 admits that Plaintiff Barboza is a citizen of the state of Texas residing in Cameron County, Texas.

2. Defendant Local 657 admits that it is an unincorporated association with its principal place of business at 8214 Roughrider, San Antonio, Texas, 78239.

3. Defendant Local 657 admits that at relevant times Frank Perkins has been President and Business Manager of Defendant Local 657.

4. Defendant Local 657 admits that at relevant times Hugo Flores has been a Business Agent employed by Teamsters Local 657.

5. Defendant Local 657 admits that YRC, Inc. has at relevant times operated a freight business in the state of Texas.

6. Defendant Local 657 admits that Plaintiff's Original Complaint attempts to state a cause of action and related claims under Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. Section 185. Remaining allegations of paragraph 6 of the Original Complaint are denied.

7. Defendant Local 657 admits that venue lies in this Court.

8. Responding to paragraph 8 of the Original Complaint, Defendant Local 657 admits: (a) that Plaintiff has at relevant times been employed as a clerical worker under

applicable collective bargaining agreements between Defendant Local 657 and Yellow Freight/YRC; (b) that Plaintiff was originally employed in Brownsville, Texas with an original seniority date of August 17, 1998 under a then-applicable collective bargaining agreement; (c) that Plaintiff voluntarily transferred to what was then a Yellow Freight terminal in McAllen, Texas in November of 2007; (d) that a grievance brought by Plaintiff was settled on or about December 4, 2007 between then Local 657 representative Juan Vela and Yellow Freight representatives permitting Plaintiff Barboza to hold the seniority of 8/17/1998 for competitive job purposes; (e) that on or about February 16, 2009 bargaining unit member Griselda Guerra filed a grievance which effectively protested the grant of an 8/17/1998 competitive job seniority date to Plaintiff Barboza at the McAllen terminal for competitive job purposes; (f) that Griselda Guerra's grievance was processed according to applicable contractual procedures in honest good faith by Defendant *Local* 657 to a final and binding arbitral committee decision which, in its substance and final and binding effect, modified Plaintiff Barboza's competitive job seniority date at the McAllen, Texas terminal to November 12, 2007; (g) that Plaintiff Barboza subsequently filed a grievance protesting the prior decision concerning Griselda Guerra's grievance; (h) that Defendant Local 657 processed in honest good faith Plaintiff Barboza's subsequent grievance to a final and binding arbitral committee decision dated November 18, 2009 which, in its substance and final and binding effect, reaffirmed the modification of Plaintiff Barboza's competitive job seniority date to November 12, 2007; (i) that Plaintiff Barboza has at relevant times been a member in good standing of Teamsters Local 657; (j) that at all relevant times Defendant Local 657 owed to both Plaintiff Barboza and Griselda Guerra

a duty of fair representation; and (k) that in representing Plaintiff Barboza and Griselda Guerra concerning the subject grievances described above, Defendant Local 657 has at all times acted in honest good faith, with legally-required diligence, in a non-arbitrary, non-discriminatory manner. The remaining explicit and implicit allegations of paragraph 8 of the Original Complaint are denied.

9. Defendant Local 657 incorporates the Admissions and Denials set out in numbered paragraphs 1 through 8 above.

10. Defendant Local 657 denies in their entirety the allegations of paragraph 10 of the Original Complaint.

11. Defendant Local 657 denies in their entirety the allegations of paragraph 11 of the Original Complaint.

12. Defendant Local 657 denies in their entirety the allegations of paragraph 12 of the Original Complaint.

13. Defendant Local 657 denies that Plaintiff has factual or legal right to recover attorney's fees against Defendant Local 657, denying all express and implicit allegations set out in paragraph 13 of the Original Complaint.

14. Defendant Local 657 denies that Plaintiff is entitled in any respect to the relief requested under the paragraph of the Original Complaint entitled "WHEREFORE, Plaintiff prays for judgment:"

WHEREFORE, Defendant Local 657 prays that this cause be brought on for hearing, that in due course Plaintiff's claims and causes of action set out in the Original Complaint be found without merit; that the claims and causes of action in Plaintiff's Original

Complaint be dismissed; and that Defendant Local 657 be awarded such other and further relief, at law or equity, to which it may show itself entitled.

                        Respectfully submitted,

                        s/Eric H. Nelson _____
                        Eric H. Nelson
                        Texas State Bar No. 14891000
                        3303 Main Street, Suite 300
                        Houston, Texas 77002
                        713.526.1998 Telephone
                        713.524.4421 Facsimile Email:
                        ehnelson@swbell.net

                        s/G. William Baab_____
                        G. William Baab
                        Texas State Bar No. 01476000
                        BAAB & DENISON, L.L.P.
                        2777 N. Stemmons Frwy., Suite 1100
                        Dallas, Texas 75207
                        214.637.0750 Telephone
                        214.637.0730 Facsimile
                        Email: qwbaab@baabdenison.com

                        **ATTORNEYS FOR TEAMSTERS LOCAL 657**

## CERTIFICATE OF SERVICE

     By my signature below, I hereby certify that the foregoing document entitled **Defendant Teamsters Local 657's Original Answer** has been served electronically on this the 9th day of June, 2010, on those parties shown below:

        Juan A. Gonzalez
        Romero, Gonzalez & Benavides, LLP
        612 Nolana, Suite 520
        McAllen, Texas 78504

                        s/Eric H. Nelson
                        ERIC H. NELSON